UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>IVAN G. PIVAROFF,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:13-cv-01498-APG-PAL<br><br>ORDER<br><br>(Mot. To Withdraw as Attorney – Dkt. #92) |

　　　　This matter is before the court on the Emergency Motion to Withdraw as Attorney (Dkt. #92) filed April 3, 2015. The court has considered the Motion, the government's Opposition (Dkt. #94), filed April 7, 2015, and the Reply (Dkt. #95), filed April 10, 2015. The court held a hearing on the Motion on April 14, 2015. Present was Allyson R. Noto, counsel for Defendant Blenheim Trust Company, LTD, as Trustee of Kihei International Trust ("Blenheim"), and Philip Doyle, appearing telephonically on behalf of the government.

　　　　In the Motion, Allyson R. Noto seeks to withdraw as counsel for Blenheim. The Motion represents that there has been a breakdown of the attorney-client relationship, and it is impossible for counsel to continue as Blenheim's attorney. On March 3, 2015, the court held a hearing on the parties' Joint Status Report (Dkt. #85), which addressed discovery disputes. *See* Minutes of Proceeding (Dkt. #89).[1] The court directed Ms. Noto to submit a document, which Ms. Noto previously described as a portfolio summary of all investments in a certain account for the quarter ending July 2004—to the court for *in camera* review and a separate order would issue

---

[1] *See also* Order (Dkt. #91) (ordering defense counsel to "submit the portfolio summary discussed at the March 3, 2015, hearing to the court for in camera review in accordance with the provisions of LR 10-5 no later than Friday, April 3, 2015, by 4:30 p.m.").

1

1  regarding whether or not Blenheim would produce the document in an unredacted form. *Id.*; *see*
2  *also* Order (Dkt. #91). Ms. Noto represents that, although she promptly informed her client of
3  the court's order, she was unable to obtain a copy of the document at issue to provide the same to
4  the court for *in camera* inspection. *See* Motion (Dkt. #92) at 8, Aff. of Allyson R. Noto at ¶¶ 23–
5  25. Given Blenheim's refusal to comply with the court's express order, Ms. Noto filed the
6  Motion.

7  The government opposes the motion claiming it is a strategic ploy by one client to resist
8  this court's order while allowing another client which is controlled by the same individuals to
9  continue to be represented by the same law firm. During oral argument counsel for the
10 government argued that Blenheim has probably figured out that the worst thing that will
11 happen for failing to comply with the court's order is that it may be defaulted. If this occurs the
12 government will not have the additional discovery it seeks.

13 Local Rule IA 10-6 provides that "no withdrawal . . . shall be approved if delay of
14 discovery, the trial or any hearing in the case would result." LR IA 10-6(e). The government
15 filed the Complaint (Dkt. #1) on August 21, 2015. The court recently extended the discovery
16 deadline in this case to June 20, 2015, and motions are due by July 14, 2015. *See* Scheduling
17 Order (Dkt. #90). The court is satisfied that counsel for Blenheim does not have the document
18 the court ordered Blenheim to produce for in camera review. The court also accepts the
19 representations of counsel that she has urged her client to comply, advised the client that it would
20 have the right to appeal any order I entered requiring production of the disputed document, and
21 that she has moved to withdraw because the client will not follow her advice to comply with the
22 court's order.

23 Having reviewed and considered the matter, and for good cause shown,
24 IT IS ORDERED:
25 1. The Emergency Motion to Withdraw as Counsel (Dkt. #92) is GRANTED.
26 2. Defendant Blenheim Trust Company, LTD, as Trustee of Kihei International
27 Trust, shall have until **May 15, 2015**, in which to retain new counsel who shall
28 file a notice of appearance in accordance with the Local Rules of Practice.

2

3. Failure to comply with this order may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions.

4. The government need not respond to any outstanding discovery requests from Blenheim until further order of the court if and when Blenheim complies with the court's order to designate new counsel.

5. The Clerk of Court shall serve a copy of this Order on at:

Blenheim Trust Company, Ltd.
Trustee of Kihei International Trust
Second Floor, St. Peter's House
Le Bordage, St. Peter Port
Guernsey, UK GY1 1BR

Dated this 15th day of April, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE