UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN G. PIVAROFF, et al.,<br><br>Defendants. | Case No. 2:13-CV-01498-APG-PAL<br><br>ORDER (1) DENYING MOTION TO AMEND COMPLAINT AS MOOT, (2) GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND (3) GRANTING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER<br><br>(DKT. NOS. 78, 98, 99) |

On December 22, 2014, plaintiff United States of America moved for leave to amend the complaint to join as a defendant Lakeland, Inc. and to sue current defendant Blenheim Trust Company, Ltd. (already sued in its capacity as trustee of the Kihei International Trust) in its capacity as trustee of VIP International Trust. The proposed second amended complaint also proposes to add new claims against existing defendants. Although the United States indicated in its motion that the Pivaroff defendants did not consent to the amendment, no opposition was filed by any party.

Prior to the court ruling on that motion, the United States filed a superseding motion to amend the complaint. The United States seeks to make all the amendments previously requested and to joint three additional parties. The United States indicated that the Pivaroffs previously had not consented to amendment but the Pivaroffs did not definitively respond with respect to the superseding motion to amend. No opposition was filed by any party.

Defendant Associated Enterprises Limited then filed a motion for leave to file an amended answer so that it could add a cross-claim against fellow defendant Oahu Limited Partnership. Defendant Associated Enterprises Limited states in its motion that the United States does not

oppose amendment, but the Pivaroffs advised they do not consent to the amendment. However, no opposition has been filed by any party.

Generally, a plaintiff may amend its complaint "once as a matter of course within . . . 21 days of serving it," or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant leave to amend lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

I grant the United States' superseding motion to amend. No party has formally opposed amendment. There is no evidence of bad faith. The United States explains that amendment is based on evidence uncovered during discovery, and the motion to amend was timely filed on the cutoff date to amend pleadings in the Scheduling Order (Dkt. #90). There is no evidence of undue delay and no party argues amendment was unduly delayed. No prejudice to any party has been identified. It does not appear amendment would be futile. The United States has not previously moved to amend, other than the prior motion which is being superseded by this motion. I therefore grant it. The United States shall file the superseding proposed second amended complaint within 10 days of the entry of this order.

I also grant defendant Associated Enterprises Limited's motion to amend its answer to add a cross-claim. No party has formally opposed the motion. There is no evidence of bad faith. Although Associated Enterprises Limited does not explain when it uncovered information triggering amendment, the motion to amend was timely filed on the cutoff date to amend pleadings in the Scheduling Order (Dkt. #90). There is no evidence of undue delay and no party

argues this amendment was unduly delayed. No prejudice to any party has been identified. It does not appear that amendment would be futile. Finally, Associated Enterprises Limited has not previously moved to amend its answer. I therefore grant the motion. Associated Enterprises Limited shall file the proposed amended answer with cross-claim within 10 days of entry of this order.

    IT IS THEREFORE ORDERED that plaintiff United States' motion to amend complaint (Dkt. #98) is GRANTED. The United States shall file the proposed superseding second amended complaint within 10 days of entry of this order.

    IT IS FURTHER ORDERED that defendant Associated Enterprises Limited's motion for leave to file amended answer and cross-claim (Dkt. #99) is GRANTED. Associated Enterprise Limited shall file the proposed amended answer and cross-claim within 10 days of entry of this order.

    IT IS FURTHER ORDERED that plaintiff United States' motion to amend (Dkt. #78) is DENIED as moot.

    DATED this 25th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE