UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-cv-01498-JCM-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | (Atty Fees – Dkt. #159) |
| IVAN G. PIVAROFF, et al., | |
| Defendants. | |

Before the court is Plaintiff's Memorandum in Support of Attorney's Fee Award (Dkt. #159). No opposition has been filed and the time for filing a response has now run.

In an Order and Report and Recommendation for Contempt Proceedings (Dkt. #149), I certified that the acts of Defendant Blenheim Trust Company, Ltd. ("Blenheim") constituted contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii). A contempt hearing was set before the Honorable Andrew P. Gordon on September 17, 2015, at which Defendant Blenheim Trust Company Ltd. and its Director, John Robilliard, were ordered to appear to show cause why they should not be found in contempt based on the facts I certified.[1] I also ordered Blenheim Trust Company would be responsible to pay the United States reasonable attorney's fees and costs related to its failure to comply with the court's orders, subject to its opportunity to challenge the reasonableness of the amount sought and any equitable considerations it asked the court to consider.

. The United States was given fourteen days from entry of the order and report and recommendation to file a memorandum supported by the affidavit of counsel establishing the amount of the attorney's fees and costs incurred for Blenheim's disobeying this court's order to

---

[1] That hearing was vacated when Judge Gordon recused himself after Robilliard retained counsel and the matter was reassigned to Judge Mahan.

1

1 produce a portfolio summary documents for in camera review, for attorney's fees incurred by the
2 United States in compelling compliance.

3 The United States' memorandum requests attorney's fees in the amount of $3,544.60, for
4 18.5 hours of attorney work at $125/hr., the rate referenced in the Equal Access to Justice Act
5 ("EAJA"), 28 U.S.C. § 2412, multiplied by the cost of living adjustment based on the Consumer
6 Price Index for Urban Consumers ("CPI-U") and divided by the CPI-U in the month that the cap
7 was imposed (March 1996). The CPI-U from March 1996, is 155.7, and the CPI-U for July 2015
8 is 238.654. Thus, the applicable EAJA rate rounded to the nearest dollar is equal to $125 x
9 238.654 / 155.7, or an adjusted hourly rate of $191.60.

10 The memorandum is supported by the declaration of Philip Doyle, a trial attorney
11 employed by the U.S. Department of Justice, Tax Division, engaged in federal tax litigation since
12 1991. The declaration outlines the number of hours spent between Sunday, May 17, 2015, and
13 September 9, 2015, reviewing and analyzing Blenheim's response to the court's Order to Show
14 Cause (Dkt. #96); researching, drafting, editing and filing the United States' memorandum of
15 points and authorities in opposition to Plaintiff's response to the order to show cause; reviewing
16 and analyzing Blenheim's reply; preparing for and attending the hearing held July 21, 2015,
17 which related to the order to show cause; and the amount of time spent in preparation of this fee
18 request. However, as indicated, no response to the memorandum has been filed.

19 Blenheim was given fourteen days from service of the memorandum of costs and
20 attorney's fees in which to file a responsive memorandum addressing the reasonableness of the
21 costs and fees sought, and any equitable considerations deemed appropriate for the court to
22 consider in determining the amount of costs and fees which should be awarded.

23 **DISCUSSION**

24 **I.      Attorneys' Fees**

25 The Ninth Circuit affords trial courts broad discretion in determining the reasonableness
26 of costs and fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Although the
27 district court has discretion in determining the amount of the fee award, it must calculate awards
28 for attorneys' fees using the "lodestar" method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973,

2

978 (9th Cir. 2008). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate. *Id*. The district court may, in rare cases, if the circumstances warrant, adjust the lodestar to account for other factors that are not subsumed within it. *Id*. These factors were set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975). Relevant factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and results obtained; the undesirability of the case;[2] the nature and length of the professional relationship with the client; and awards in similar cases. *Id*. at n.1. In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho*, 523 F.3d at 978.

As a general rule, the court considers the reasonable hourly rate in the relevant community, which is the forum in which the case is pending. *Id*. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

## II.    Appropriate Market Rate

The United States Supreme Court has recognized that determining an appropriate market rate for the services of a lawyer is inherently difficult for a number of reasons. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Traditional supply and demand principles do not ordinarily apply to prevailing market rates for the services of lawyers. *Id.* The hourly rates of lawyers in private practice varies widely. *Id.* The type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively, even within a law firm. *Id.* The fee is usually discussed with the client and may be negotiated. *Id*. In determining the reasonableness of attorney's fees, the hourly rate is now generally recognized. However, "courts properly have

---

[2] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague*, 505 U.S. 557, 561–64 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated on other grounds*, 984 F.2d 345 (9th Cir. 1993) (noting "[t]he *Dague* opinion can also be read as casting doubt on the relevance of a case's desirability to the fee calculation") (internal quotation marks omitted).

required prevailing attorneys to justify the reasonableness of the requested rate or rates." *Id*. In *Blum*, the Supreme Court stated that "[t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

The Ninth Circuit has stated that affidavits of the fee applicant's attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, are satisfactory evidence of the prevailing market rate. *Camacho*, 523 F.3d at 980 (citing *United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)) (internal quotation marks omitted). However, declarations of the fee applicant do not conclusively establish the prevailing market rate. *Id*.

In *Blum*, a unanimous Supreme Court declared that "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization." 465 U.S. at 894. Reasonable fees are thus "to be calculated according to the prevailing market rates in the relevant community," *id.* at 895, with close attention paid to the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n.11.  *See also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate."); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–1211 (9th Cir. 1986), *amended,* 808 F.2d 1373 (9th Cir. 1987).

Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this forum.  *See, e.g*., *Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding reasonable hourly rate in community of Nevada to be $375–$400 for partner with over thirty-five years of experience); *Agarwal v. Oregon Mut. Ins. Co*., 2013 WL 5882710 (D. Nev. Oct. 30, 2013) (finding $300 per partner hour and $260 per associate hour reasonable); *Stephens Media LLC v. Citihealth, LLC*, 2013 WL 4045926 (D. Nev. Aug. 7, 2013) (finding rates between $400

4

1 and $185 to be reasonable); *In re USA Commercial Mortg. Co.*, 2013 WL 3944184 (D. Nev. July 30, 2013) (finding rates between $170 and $420 to be reasonable and $275 to $775 to be unreasonable); *Cervantes v. Emerald Cascade Rest. Sys., Inc.*, 2013 WL 3878692 (D. Nev. July 25, 2013) (finding $450 to be excessive and reducing it to $275); *Plaza Bank v. Alan Green Family Trust*, 2013 U.S. Dist. LEXIS 58657 (D. Nev. April 24, 2013) (finding $425–$475 for partner time reasonable, but $275-$375 for associate time to be excessive based on the prevailing market rate and adjusting the amount to $250–$325); *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, 2012 WL 2244262 (D. Nev. June 15, 2012) (finding $400 reasonable for a partner in a firm that concentrates on complex intellectual property litigation).

The government requests an adjusted hourly rate of $191.60, which is below the market rate for services of lawyers with comparable skill and experience in this district. The amount of time reported for each of the services provided seems reasonable given the work product filed in the record. Accordingly, the court is satisfied that the attorney's fees sought are reasonable and should be awarded.

**IT IS ORDERED** that attorneys' fees in the amount of **$3,544.60** are assessed against Blenheim Trust Company, Ltd. in favor of the United States.

DATED this 16th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE