WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
GREGORY P. KERR, ESQ.
Nevada Bar No. 10383
JORDAN BUTLER, ESQ.
Nevada Bar No. 10531
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
gkerr@wrslawyers.com
jbutler@wrslawyers.com

*Attorneys for Defendant Regency Towers Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATED OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>IVAN G. PIVAROFF, GWENDOLYN S. PIVAROFF, OAHU LIMITED PARTNERSHIP, ANDERSON ATTIC, INC., UNITED REALTY, INC., BLENHEIM TRUST COMPANY, LTD., as Trustee of KIHEI INTERNATIONAL TRUST, ASSOCIATED ENTERPRISES LIMITED, LAKELAND, INC., CLARK COUNTY TREASURER, REGENCY TOWERS ASSOCIATION, INC., and LAS VEGAS COUNTRY CLUB MASTER ASSOCIATION,<br><br>                  Defendants. | Case No. 2:13-CV-01498-JCM-PAL<br><br>**STIPULATION FOR DISMISSAL** |

**STIPULATION FOR DISMISSAL AND DISCLAIMER OF INTEREST**

Plaintiff, United States of America, and defendant, Regency Towers Association ("Association"), hereby agree and stipulate as follows:

1. This case concerns, among other assets, the real property located at 3111 Bel Air Drive, #28F, Las Vegas, NV 89109 ("Property").

2. Plaintiff maintains that it has federal tax liens against the Property that secures the

STIPULATION FOR DISMISSAL

Pivaroffs' failure to pay federal taxes, as more fully set forth in Plaintiff's Second Amended Complaint;

3. The Association has a lien against the Property that secures common expense assessments levied by the Association against the owner of the Property. The Association's lien is a statutory lien created under NRS 116.3116(1). As of December 31, 2015, the amount owed to the Association under its lien on the Property was $24,222.93. This amount increases each month that assessments are not paid to the Association. The amount of the monthly assessment in fiscal year 2015 is $1,652.88;

4. Plaintiff is seeking to foreclose the Property and sell it in order to recover certain amounts owed to the Plaintiff stemming from unpaid tax liabilities. Plaintiff will seek an order from this court allowing it to proceed with foreclosure to satisfy a portion of the tax liabilities owed to the Plaintiff by the Pivaroffs;

5. The Association agrees and acknowledges that the Plaintiff's tax liens on the Property are superior in their entirety to that of the Association's lien. As such, the Association agrees that it will not foreclose the Property or take any action to recover any of the amounts owed to it under its assessment lien while the Plaintiff seeks to foreclose the Property. The Association acknowledges that the foreclosure of the Plaintiff's federal tax liens will extinguish all amounts owed under the Association's assessment lien up to the date of the Plaintiff's foreclosure and the foreclosure purchaser will take the Property free and clear of the Association's lien for the amounts owed up to and including the date of the Plaintiff's foreclosure sale;

6. However, if this court in this case does not issue an order or ruling authorizing Plaintiff to foreclose the Property to recover portions of tax liabilities owed to it, the Association's lien, and the amounts owed thereunder, shall remain intact and the Association shall be permitted to collect any and all amounts owed to it under its lien in accordance with all state and federal laws;

7. The parties agree that the Association is not required to participate any further in this action except as it may be required to respond to discovery requests as a party, or if an action is brought by another party against the Association or otherwise ordered to participate by the

court. Otherwise, no further participation of the Association is required after entry of this stipulation.

8. Plaintiff agrees that the Association will not be subject to any award of damages, court costs, or attorney fees in connection with this matter as long as it complies with this stipulation.

DATED this 5 day of January 2016          DATED this 5 day of January, 2016

U.S. Department of Justice                 WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: _____                    By: _____
Philip Doyle, Esq.                         Gregory P. Kerr, Esq. (No. 10383)
Trial Attorney, Tax Division               3556 E. Russell Road, 2nd Floor
P.O. Box 330                               Las Vegas, Nevada 89120
Ben Franklin Station                       Defendant Regency Towers Association
Washington, D.C. 20044
Attorney for United States

IT IS SO ORDERED.

DATED January 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

_____
GREGORY P. KERR, ESQ.
Nevada Bar No. 10383
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
Attorney for Regency Towers Association

2178699.1

-3-

STIPULATION FOR DISMISSAL