UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>IVAN G. PIVAROFF, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:13-CV-1498 JCM (PAL)<br><br>ORDER |

Presently before the court are plaintiff United States' ("plaintiff") motions to strike the answers of defendants Oahu Limited Partnership ("Oahu LP") and Molokai Limited Partnership ("Molokai LP"). (ECF Nos. 157, 204, 205). Also before the court are plaintiff's motions for entry of clerk's default against Oahu LP, Molokai LP, Anderson Attic, Inc. ("AAI"), United Realty, Inc. ("URI"), and Las Vegas Country Club Master Association ("LVCCMA"). (ECF Nos. 160, 206, 207).

**I.    Background**

Plaintiff initiated this civil action on August 21, 2013, and seeks to enforce federal tax liens and recover over $8 million in tax liabilities against defendants Ivan G. and Gwendolyn S. Pivaroff ("Pivaroffs"). (ECF Nos. 1 at 2, 120 at 2, 185 at 2).

On June 29, 2015, plaintiff filed a second amended complaint, which names the following parties as defendants: Ivan G. Pivaroff; Gwendolyn S. Pivaroff; Oahu LP; Molokai LP; AAI; URI; LVCCMA; Blenheim Trust Company, Ltd. as Trustee of Kihei International Trust and of VIP International Trust; Associated Enterprises Limited; Lakeland, Inc.; Clark County Treasurer; and

**James C. Mahan**
**U.S. District Judge**

Regency Towers Association, Inc. (ECF No. 120). The Pivaroffs own and operate both Oahu LP and Molokai LP. (ECF Nos. 18-19, 19-1).

Oahu LP's attorney withdrew from the case by order (ECF No. 60), and Oahu LP was directed to find new counsel. (ECF No. 204 at 2). Oahu LP did not notify the court of new counsel, nor did it file any pleadings with the court after its counsel withdrew. (ECF No. 204 at 2). Molokai LP has not obtained counsel. (ECF No 205 at 2). Thereafter, Ivan and Gwen Pivaroff filed a pro se pleading (ECF No. 55) purporting to be their own answers, as well as the answers for Oahu LP and Molokai LP. (ECF Nos. 204 at 2, 205 at 2).

AAI, URI, and LVCCMA were each served with the second amended complaint in a timely manner, and their time to respond to the second amended complaint has passed. *See* FED. R. CIV. P. 15(a)(3).

**II.   Discussion**

Plaintiff moves to strike the answer filed by the Pivaroffs insofar as it purports to be the answer for Oahu LP and Molokai LP. (ECF Nos. 157, 204, 205). Plaintiff further moves for entry of clerk's default against Oahu LP, Molokai LP, AAI, URI, and LVCCMA. (ECF Nos. 160, 206, 207). While plaintiff has filed these motions separately, pursuant to Special Order 109 and Nevada LR IA 10-1, the court will address them collectively.

*a.   Motions to strike*

Rule 12(f)(2) provides that the court may strike an insufficient defense "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(2).

With respect to Oahu LP and Molokai LP, plaintiff argues that the Pivaroffs' answer is improper because the Pivaroffs are not attorneys, and only attorneys may represent parties other

**James C. Mahan**
**U.S. District Judge**

- 2 -

than themselves in litigation. (ECF Nos. 204 at 3, 205 at 2). The Ninth Circuit has addressed this issue, holding "[a] corporation may appear in federal court only through licensed counsel." *U.S. v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). *See also Rowland v. California Men's Colony*, 506 U.S. 194, 201 (1993) (holding that a non-lawyer may not represent any person or entity other than himself).

Therefore, because they are not licensed attorneys, the Pivaroffs' pleading is improper insofar as it purports to be an answer for Oahu LP and Molokai LP. Accordingly, the court strikes the Pivaroffs' answer with respect to Oahu LP and Molokai LP.

   b. *Motions for entry of clerk's default*

With respect to AAI, URI, and LVCCMA, plaintiff argues that their failure to file an answer within 21 days after being served with the summons and complaint warrants entry of clerk's default. (ECF Nos. 206 at 3, 207 at 2). Additionally, plaintiff argues that the Pivaroffs' improper filing of an answer on behalf of Oahu LP and Molokai LP warrants entry of clerk's default, as the time for these parties to properly file an answer has expired. (*Id.*).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." FED. R. CIV. P. 55(a). Further, Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." FED. R. CIV. P. 55(b)(2).

Obtaining a default judgment is a two-step process:

> "[F]irst, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."

*UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

James C. Mahan
U.S. District Judge

The choice whether to enter a default judgment lies within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In determining whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff if default judgment is not entered, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.*

On or before August 14, 2015, plaintiffs served the summons and complaint upon each of the defendants. (ECF Nos. 204, 205, 207 at 2). AAI, URI, and LVCCMA have failed to appear or otherwise respond to the complaint. Oahu LP and Molokai LP exceeded the time limit for filing an answer to plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(a). Oahu LP and Molokai LP then filed an answer improperly, as the Pivaroffs are not licensed attorneys and are therefore unable to represent their corporations in this matter.

Accordingly, plaintiffs filed motions for entry of clerk's default (ECF Nos. 160, 206, 207). Plaintiffs have properly complied with Federal Rule of Civil Procedure 55. Therefore, the court finds good cause to grant the motion for clerk's default. Thus, the clerk is directed to enter the requested default as to each defendant. Plaintiff may now file a motion seeking default judgment against defendants within the one-year period prescribed by Rule 60(b)(1) and in a reasonably timely manner under Rule 60(b)(6). *See* FED. R. CIV. P. 60(b).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motions to strike, (ECF Nos. 157, 204, 205), be, and the same hereby is, GRANTED.

James C. Mahan
U.S. District Judge

- 4 -

1     IT IS FURTHER ORDERED that plaintiff's motions for entry of clerk's default, (ECF
2  Nos. 160, 206, 207), be, and the same hereby are, GRANTED.
3     DATED July 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -