UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>IVAN G. PIVAROFF, et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1498 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Blenheim Trust Company, Ltd.'s, unopposed motion to reconsider Magistrate Judge Peggy A. Leen's order denying emergency motion to withdraw as counsel of record. (ECF No. 178).

In a prior order, Magistrate Judge Leen denied defendant's emergency motion to withdraw as counsel for Blenheim Trust Company, Ltd. (ECF No. 154). The magistrate judge held that because a corporation cannot appear except through counsel, defendant's counsel may not withdraw until Blenheim Trust Company retains a substitute counsel. (ECF No. 154 at 1–2).

A district court may set aside a magistrate judge's determination of a pretrial matter, subject to certain enumerated exceptions, if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Likewise, under the local rules, "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to 28 U.S.C. § 636(b)(1)(A) where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." L.R. IB 3-1(a).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted).

**James C. Mahan**
**U.S. District Judge**

An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793-RCJ-VPC, 2012 WL 3884939, at *3 (D. Nev. 2012). The reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

Defendant's counsel argues that it should not be forced to remain as counsel of record because Blenheim Trust Company has terminated the attorney-client relationship and instructed counsel to cease providing services. (ECF No. 178 at 3).

The local rules permit courts to grant a motion to withdraw counsel if doing so does not "delay a pretrial proceeding, discovery, trial, or any hearing in the case." LR IA 11-6(d). However, a corporation cannot appear except through counsel. *See, e.g., Rowland v. California Men's Colony,* 506 U.S. 194, 201–02 (1993); *United States v. High Country Broad. Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993).

Defendant raises general points regarding a counselor's right to withdraw and a client's right to discharge an attorney. (ECF No. 178 at 2). However, defendant does not bring forth any arguments that the court should grant a motion to withdraw counsel for a corporation, despite the corporation lacking a substitute counsel. Furthermore, the court is not aware of any case law or statutes that would allow the court to do so. Accordingly, because a corporation cannot appear except through counsel, the magistrate judge's order is not clearly erroneous nor does it contain any misapplication of statutes, case law, or rules of procedure. *See Global Advanced Metals*, 2012 WL 3884939, at *3.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Blenheim Trust Company, Ltd.'s, motion to reconsider, (ECF No. 178), be, and the same hereby is, DENIED.

DATED July 12, 2016.

                                                                                                                                UNITED STATES DISTRICT JUDGE