IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IVAN G. PIVAROFF, | ) |
| GWENDOLYN S. PIVAROFF, | ) |
| OAHU LIMITED PARTNERSHIP, | ) |
| MOLOKAI LIMITED PARTNERSHIP, | ) Case No. 2:13-cv-1498-JCM (PAL) |
| ANDERSON ATTIC, INC., | ) |
| UNITED REALTY, INC., | ) |
| BLENHEIM TRUST COMPANY, LTD. as | ) |
| Trustee of KIHEI INTERNATIONAL TRUST | ) |
| and of VIP INTERNATIONAL TRUST, | ) |
| ASSOCIATED ENTERPRISES LIMITED, | ) |
| LAKELAND, INC., | ) |
| CLARK COUNTY TREASURER, | ) |
| REGENCY TOWERS ASSOCIATION, INC. | ) |
| and LAS VEGAS COUNTRY CLUB | ) |
| MASTER ASSOCIATION, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER OF SALE

This matter has come before the Court upon the United States of America's Motion for Order of Sale.  For good cause shown, it is hereby

ORDERED ADJUDGED and DECREED as follows:

1.     The real property located at 3111 Bel Air Drive, #28F, Las Vegas, Nevada (the "Property") is ordered sold pursuant to 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2002.

2.     The legal description of the Property is as follows:

13747291.1

SITUATE IN THE COUNTY OF CLARK, STATE OF NEVADA, DESCRIBED AS FOLLOWS:

PARCEL I:

Unit 216 of amended plat of Regency Towers as the same is established and identified in the plan of condominium filed pursuant to the provisions of NRS 117.020 on April 12, 1972 in Book 14 of Plats, Page 37, and on August 10, 1973 in Book 16 of Plats, Page 27, in the official records of Clark County, Nevada ("Plan") and amendments thereto.

PARCEL II:

An undivided .860% interest in the common areas included in the plan.

PARCEL III:

An undivided .860% interest in the estate for years created by that certain lease dated January 1, 1971 between Chanin Nevada Properties, Inc., as landlord and Regency Holding Corp. as tenant, recorded on January 7, 1971 as instrument No. 72485, Book No. 91, in official records of Clark County, Nevada.

3. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

4. **Terms and Conditions:** The terms and conditions of the sale are as follows:

a. The sale shall be free and clear of the interests of all parties to this action;

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

*Sale location*

c. The sale of the Property shall be held either on the Property's premises or at the courthouse of Clark County;

*Notice of Sale*

d. The PALS shall announce the date and time for the sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Clark County, and by any other notice PALS deems appropriate.  The notice shall contain an adequate description of the Property, but need not contain the full legal description, and shall contain the terms and conditions of sale set forth in this Order of Sale;

*Minimum Bid*

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale, and may reduce the minimum bid;

*Payment of Deposit and Balance*

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the "United States District Court for the District of Nevada," a deposit in an amount between five (5) and twenty (20) percent of the minimum bid, as specified by the PALS in the published notice of sale.  Before being permitted to bid at the sale, potential bidders shall show the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the District of Nevada shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the

deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Ivan Pivaroff and Gwen Pivaroff at issue herein. The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States;

 i. The Clerk of the District Court is directed to accept the deposit and balance of the sale proceeds and deposit them into the Court's registry for distribution pursuant to further order of this Court;

 *Confirmation of Sale*

 j. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished;

 k. When this Court confirms the sale, the Recording Officials of Clark County shall cause the transfer of the Property to be reflected upon the county's register of title. The successful bidder(s) at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

 *Redemption*

 l. The sale of the Property is ordered pursuant to 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001, 2002, and is made without right of redemption.

 5. **Preservation of the Property**: Until the Property is sold, the Defendants Ivan Pivaroff and Gwen Pivaroff shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on each property) in its

current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property, nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

6. **<u>Vacating the Property:</u>** All persons occupying the Property shall vacate the property within thirty (30) days of the date of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). The United States may, in writing and in its sole discretion, extend the time to vacate. If any person fails or refuses to vacate the Property by the date specified in this Order of Sale, or as extended by the United States, the PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order of Sale. The United States Marshals Service is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order of Sale.

7. **Abandoned Personal Property:** Any personal property remaining on the Property thirty (30) days after the date of this Order of Sale (or as extended by the United States) is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to the parties as directed by the Court. Checks for the purchase of personal property shall be made out to the "Clerk of District Court for the District of Nevada," and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

8. **Forwarding Address:** No later than two (2) business days after vacating the Property, pursuant to the deadline set forth in paragraph (4) above, defendants Ivan Pivaroff and Gwen Pivaroff or an agent thereof shall notify counsel for the United States of a forwarding address where they can be reached. Notification shall be made by contacting the attorney for the United States, Philip Doyle, at (202) 514-9673 or philip.a.doyle@usdoj.gov.

9. **Claims:** The United States has an interest of $8,647,019.85, plus interest and other statutory additions from August 31, 2015. Any other party wishing to claim an interest in the sale proceeds must submit to the court evidence of its claim, the amount, and the priority of its claim within fourteen days following entry of an order confirming the sale.

10. **PALS' Access to the Property:** Pending the sale of the Property, and until confirmation of sale, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

11. **Distribution of Sale Proceeds:** After the Court confirms the sale of the Property, absent any showing to the contrary, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

a. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court, as well as all other costs and expenses of sale, including title insurance;

b. Second, to Treasurer of Clark County for real property taxes and other local assessments due and owing, if any, in accordance with 26 U.S.C. § 6323; and

c. Third, to Associated Enterprises Limited in the amount of $75,000, pursuant to the stipulation and order [docs. 202, 211] entered on the Court's docket; and

d. Fourth, to the United States of America for satisfaction of the federal tax liabilities due and owing for Ivan Pivaroff's and Gwen Pivaroff's federal income tax liabilities for the tax years 1980, 1982, 1983, and 1986.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed this 12th day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

13747291.1