UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>IVAN G. PIVAROFF, et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1498 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiff United States of America's ("plaintiff") motion for default judgment. (ECF No. 229).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual

**James C. Mahan**
**U.S. District Judge**

allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

Plaintiff filed a motion for entry of clerk's default as to defendants Oahu Limited Partnership ("Oahu") (ECF Nos. 160, 206) and Las Vegas Country Club Master Association ("LVCCMA") (ECF No. 207). On July 5, 2016, the clerk entered default as to defendants Oahu and LVCCMA (ECF No. 227) pursuant to the court's order (ECF No. 226).

In the instant motion, plaintiff seeks a default judgment on count 2 of the second amended complaint (ECF No. 120) as to defendants Oahu and LVCCMA. (ECF No. 229). In particular, plaintiff seeks default judgment to extinguish any claim of an interest or lien by defendants Oahu and LVCCMA against 3111 Bel Air Drive, #28F, Las Vegas, Nevada, so as to allow the judicial sale of the property to proceed. (ECF No. 229).

After considering the foregoing, the court finds good cause to grant plaintiff's motion for default judgment. Moreover, plaintiff has properly complied with Rule 55. Therefore, the court will grant plaintiff's motion for default judgment on count 2 of the second amended complaint as to defendants Oahu and LVCCMA.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for default judgment (ECF No. 229) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within seven (7) days of the entry of this order.

DATED September 7, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -